UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERRY MELTON, | ) |
| *Plaintiff*, | ) CIVIL ACTION |
| | ) |
| | ) CASE NO. 3:13-cv-825 |
| v. | ) |
| | ) JUDGE SHARP |
| THE VANDERBILT UNIVERSITY, | ) MAGISTRATE JUDGE GRIFFIN |
| | ) |
| *Defendant.* | ) |

## INITIAL CASE MANAGEMENT ORDER # 1

Pursuant to Local Rule 16.01(d), the parties submit this Proposed Initial Case Management Order.

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Family and Medical Leave Act, 29 U.S.C. § 2617.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF:

Plaintiff Sherry Melton worked for Defendant at the Vanderbilt University Medical Center for thirteen (13) years, from October 2000 through the termination of her employment on July 18, 2013. In May 2013, Plaintiff was approved for eight (8) weeks of continuous leave pursuant to the Family and Medical Leave Act ("FMLA") in order to undergo and recover from surgery to her ACL. On July 18, 2013, while Plaintiff was off from work for this approved FMLA leave, Defendant terminated Plaintiff's employment.

Plaintiff alleges that Defendant's termination of Plaintiff's employment illegally interfered with Plaintiff's exercise of her rights under the FMLA and illegally retaliated against Plaintiff for exercising her rights under the FMLA.

2) DEFENDANT:

Defendant, The Vanderbilt University ("Vanderbilt" or "Defendant") denies that it has violated any provision of the Family and Medical Leave Act ("FMLA"). Vanderbilt employed Plaintiff as a Registered Nurse 3 in the Endoscopy GI Lab at the Vanderbilt University Digestive Disease Center. At the end of May 2013, Plaintiff requested and was approved for eight weeks of continuous FMLA leave. Plaintiff was scheduled to return to work on July 22, 2013. As a result of financial challenges facing the Medical Center, it became necessary for Vanderbilt to undergo budget cuts, including preparing for a reduction in the number of employees in its Medical Center by eliminating poorer performing employees. In deciding which employees to discharge, Vanderbilt reviewed each individual employee's work performance. As part of that review, Defendant examined not only employee performance evaluation scores but whether or not an employee had received any disciplinary action within the preceding twelve month period. Plaintiff received a written disciplinary action on September 6, 2012 for an incident of not labeling a specimen collected during an endoscopic procedure prior to submission to the lab. Because Plaintiff had received a written disciplinary action within the past 12 months, she was selected for discharge on July 18, 2013.

Defendant asserts that Plaintiff was afforded all rights to which she was entitled under the FMLA. Vanderbilt denies that it interfered with Plaintiff's rights under the FMLA, or that it subjected Plaintiff to any retaliatory action for requesting leave under the FMLA. Defendant acted in good faith and its decision to end Plaintiff's employment was based on legitimate

2

nondiscriminatory business reasons. In particular, Plaintiff cannot establish that her request and use of FMLA leave was a negative factor in Defendant's decision to end her employment.

Furthermore, Defendant denies that it, or anyone acting on its behalf, engaged in any action toward Plaintiff which was willful or taken in reckless disregard for Plaintiff's federally protected rights. As such, Defendant denies that Plaintiff is entitled to recover any of the relief which she seeks, including liquidated damages. Plaintiff is not entitled to recover compensatory damages under the FMLA.

    C.    ISSUES RESOLVED: Jurisdiction and venue.

    D.    ISSUES STILL IN DISPUTE: Liability and damages.

    E.    INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before October 21, 2013.

    F.    DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before April 25, 2014. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith.

    G.    MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before February 7, 2014.

    H.    DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before April 25, 2014. The defendant shall identify and disclose all expert witnesses and expert reports on or before May 23, 2014. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before June 20, 2014.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before July 25, 2014.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before February 7, 2014.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before May 23, 2014. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed twenty (20) pages. Optional replies may be filed within fourteen (14) days of the filing of the response and shall not exceed five (5) pages.

L. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. TRIAL DATE AND ESTIMATED TRIAL TIME: The parties expect the trial to last approximately three (3) days. This action is set for BENCH trial on September 30, 2014.

JULIET GRIFFIN
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:


/s/ Scott P. Tift
**GEORGE E. BARRETT, #2672**
**JERRY E. MARTIN, #20193**
**DAVID W. GARRISON, #24968**
**SCOTT P. TIFT, #27592**
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
gbarrett@barrettjohnston.com
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

*Attorneys for Plaintiffs*


/s/ William N. Ozier by SPT w/ permission
**William N. Ozier, #3409**
**Davidson French, #15442**
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
bozier@bassberry.com
dfrench@bassberry.com
Nashville, TN 37201
Telephone: (615) 742-6200

**Leona Marx, #11959**
University Counsel
Office of the General Counsel
VANDERBILT UNIVERSITY
2100 West End Avenue, Suite 750
Nashville, TN 37203
leona.marx@vanderbilt.edu
Telephone: (615) 322-8613

5